**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RANDAL N. WIIDEMAN, | ) | |
| Plaintiff, | ) | 3:09-cv-0650-LRH-VPC |
| | ) | (Lead Case) |
| vs. | ) | |
| E.K. McDANIEL, *et al.*, | ) | |
| Defendants. | ) | |
| RANDAL N. WIIDEMAN, | ) | |
| Plaintiff, | ) | 3:09-cv-0718-LRH-RAM |
| vs. | ) | |
| RICHARD ASHCRAFT, *et al.*, | ) | |
| Defendants. | ) | |
| RANDAL N. WIIDEMAN, | ) | |
| Plaintiff, | ) | 3:09-cv-0729-RCJ-VPC |
| vs. | ) | |
| SERGEANT HUNT, *et al.*, | ) | |
| Defendants. | ) | |
| RANDAL N. WIIDEMAN, | ) | |
| Plaintiff, | ) | 3:09-cv-0750-ECR-RAM |
| vs. | ) | |
| OFFICER HOMAN, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff Randal Wiideman filed a complaint in Nevada state court alleging violations of his constitutional rights under 42 U.S.C. § 1983. The complaint was removed to this court by defendants

on the basis of federal question jurisdiction. The case has been consolidated with various additional cases related to the same set of facts (docket #9) and plaintiff has filed a third amended compliant. The amended complaint is subject to the provisions of 28 U.S.C. § 1915 and the court's review under that statute is discussed below.

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim

is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.   Discussion**

To prevail under section 1983, a plaintiff must demonstrate that he has suffered a violation of rights protected by the Constitution or federal statute, caused by the conduct of a person acting under color of state law. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991). Here, plaintiff brings three claims for relief arising from mail handling regulations and the actual handling of mail at Ely State Prison. He brings his complaint against Correctional Officers T. North, David Homan and Richard Ashcraft and Director of the Nevada Department of Corrections, Howard Skolnik. He seeks declaratory and injunctive relief as well as money damages, punitive damages and the costs of litigation.

///
///

3

Count One

Plaintiff contends that defendants Homan and North prevented him from receiving mail on the basis that it was unauthorized. In one instance he was told he could not receive his own legal records because they exceeded 20 pages. In another instance he was denied the same records because they did not come from a "legal source." In yet another instance the mail was rejected because defendants "could not confirm source."[1] Plaintiff alleges the denial of the subject mail was in violation of Administrative Regulation (A.R.) 750 which controls the receipt and delivery of inmate mail and which, he contends, violates his rights under the First and Fourteenth Amendments.

Count Two

In this claim for relief, plaintiff alleges that defendant Ashcraft illegally opened and read his personal correspondence to an individual in Las Vegas. He contends this violates AR 750 because Ashcraft failed to follow the strict procedures required by that regulation. He further argues the violation of the administrative regulation also violates his constitutional rights.

Plaintiff also alleges that Ashcraft, punished him for the contents of the letter he improperly opened and read and then, because the letter criticized the prison, "sent a series of smut emails to plaintiff's friend" injuring the friend's State job and destroying the friendship.

Count Three

Here, plaintiff complains that Director Skolnik is responsible for the prison administrative regulations, including A.R. 750, which he alleges unconstitutionally limits the definition of what constitutes privileged correspondence in violation of his First and Fourteenth Amendment rights. Plaintiff suggests a much expanded list of privileged correspondence is appropriate.

Prison officials may, consistent with the First Amendment, require that mail from attorneys be identified as such and may open such correspondence in the presence of the prisoner for a visual inspection. *See Wolff v. McDonnell,* 418 U.S. 539, 576-77 (1974); *Sherman v. MacDougall,* 656 F.2d 527, 528 (9th Cir. 1981). Mail from the courts is not legal mail, *Keenan v. Hall,* 83 F.3d 1083,

---

[1] Plaintiff identifies another instance where the defendant simply miscounted the number of pages (or did not count at all) and returned ten pages as being in excess of 20 page limit.

4

1094 (9th Cir. 1996) *amended by* 135 F.3d 1318 (9th Cir. 1998), and a prison need not treat all mail sent to government agencies and officials as legal mail. *See, O'Keefe v. Van Boening,* 82 F.3d 322, 326 (9th Cir. 1996).

In *Turner v. Safley*, the Supreme Court held that when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. *Id.,* 482 U.S. at 87-88. The Supreme Court also made clear that the *Turner* standard of reasonableness applies to all regulations affecting the sending of correspondence to a prisoner. *Thornburgh v. Abbott*, 490 U.S. 401, 411-412 (1989).

Plaintiff mentions only a single administrative regulation - A.R. 750 which regulates inmate mail generally. A.R. 722 addresses inmate legal access including receipt and delivery of privileged correspondence, one of the main issues here. A.R. 722 provides in pertinent part: "Any inmate has the right to consult with an attorney or legal representative subject to restrictions for the security of the institution and safety of the inmate population and staff." A.R. 722.06(2). "All legal mail is privileged correspondence." A.R. 722.08(5). A.R. 722.09 addresses incoming legal mail and provides in pertinent part:

1. Incoming legal mail must meet the address requirements of A.R. 750.
   * * *
5. Incoming correspondence will be treated as legal mail only if the envelope clearly identifies an attorney, legal representative, or other privileged correspondent in the return address.
   * * *
8. Incoming packages of lengthy documents from legal/privileged correspondents should be opened and inspected in the same manner as legal correspondence.

A.R. 722.10 (2) provides: Incoming or Outgoing legal or privileged mail may be censored if there is reasonable suspicion that it contains evidence of impending criminal activity or activity that is a threat to the safety or security of the institution or contains contraband. Subpart (I) requires that the sender of inappropriate items and the inmate recipient will be notified of the confiscation.

A.R. 750 addresses regular inmate correspondence. General correspondence is defined as "mail between an inmate and someone other than those approved for privileged correspondence." Privileged correspondence is identified as mail between an inmate and state elected official; state

5

officials appointed by the governor; city, county, state and federal officials responsible for inmates custody or probation and parole; judges and court officials; state and local chief executive officers; the directors and assistance directors and wardens of the Nevada Department of Corrections; diplomatic personnel; and co-defendants/co-plaintiffs in litigation. A.R. 750, p. 3. Thus, it is not necessarily the contents of the mail that controls the existence of privilege, but rather the sender.

Because the mail that plaintiff describes falls under the rubric of general mail, Administrative Regulation 750 controls. A.R. 750.03, subpart 1.4 outlines items allowed to be received in first class mail, addressing the number of pages for any enclosure as well as items like photographs, pamphlets, religious items, and greeting cards. Under this regulation, an inmate may not receive first-class general correspondence which exceeds twenty pages in an enclosure. 750 § 1.4.1.

Under these regulations, as reviewed by the court, the actions of the defendants do not violate plaintiff's First Amendment right to send or receive mail and the regulations do not create any liberty interest in plaintiff obtaining his legal records in batches in excess of twenty pages by means of a third-party correspondent. The regulations are within the legal parameters set by the United States Supreme Court.

Plaintiff's claims of due process violations based upon the text of the regulations also fail. There is nothing in the regulations that implicates an inmate's right to receive unlimited criminal or legal records from a non-legal representative. Based on the facts alleged, plaintiff has failed to state a claim against defendants Homan, North, or Ashcraft under the First or Fourteenth Amendments.[2]

Plaintiff's claim against Director Skolnik also fails. The prison administration can, rightfully, control and designate what constitutes privileged mail and privileged sources. *See, O'Keefe,* 82 F.3d at 326. The concept of a privileged communication between an individual and his legal representatives derives from the right to avoid self incrimination in criminal matters as guaranteed by the Fifth Amendment to the United States Constitution and the need to be able to

---

[2] The actions of defendant Ashcraft in contacting plaintiff's friend via email is not a claim belonging to plaintiff, as any actionable wrong done was to the friend, not to plaintiff. Thus plaintiff does not have standing to complain about Ashcraft's purported correspondence with the friend outside the institution.

6

communicate freely with one's legal representatives. *See e.g. Swidler & Berlin v. U.S.,* 524 U.S. 399, 403 (1998). The sources plaintiff argues should be included on the list do not necessarily directly relate to the inmate's criminal proceedings or his legitimate civil legal matters. Additionally, the regulations already allow for mail from agencies such as the FBI, so long as the FBI is responsible for the inmate's present, prior, or future custody, parole or probation. There is a legitimate penological reason for limiting the inmate's correspondence including the burden of reviewing, delivering, and storing large volumes of mail and the security concerns arising from unlimited correspondence between inmates and certain governmental agencies or other special interest groups, such as threats to public servants or agencies and the foment of unrest within the prison population warrant the regulation.

### III. Conclusion

Plaintiff has failed to state a claim for relief against any of the named defendants.

**IT IS THEREFORE ORDERED** that the motion for leave to file a second amended complaint (docket #18) is **denied as moot.**

**IT IS FURTHER ORDERED** that the Third Amended Complaint (docket #21) is **dismissed** for failure to state a claim. The Clerk shall enter judgment accordingly.

DATED this 23rd day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

7